UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FRANCISCO RAFAEL BETANCES,

        Plaintiff,

v.

FIRSTSERVICE RESIDENTIAL
FLORIDA, INC. D/B/A FIRSTSERVICE
RESIDENTIAL,

        Defendant.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, FRANCISCO RAFAEL BETANCES, brings this action against Defendant, FIRSTSERVICE RESIDENTIAL FLORIDA, INC. D/B/A FIRSTSERVICE RESIDENTIAL, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff FRANCISCO RAFAEL BETANCES was a resident of the State of Florida and an "employee" of Defendant as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate telephone communication with residents and vendors in New York, Massachusetts, Canada, and California.

4. At all times material hereto, Defendant, FIRSTSERVICE RESIDENTIAL FLORIDA, INC. D/B/A FIRSTSERVICE RESIDENTIAL, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of property management, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes

1

referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5.      Defendant, FIRSTSERVICE RESIDENTIAL FLORIDA, INC. D/B/A FIRSTSERVICE RESIDENTIAL, manages property in Broward County, Florida including in Weston, Florida.

6.      Two or more of Defendant's employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

7.      Plaintiff FRANCISCO RAFAEL BETANCES worked for Defendant as a receiving manager.

8.      Defendant failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

9.      Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

10.     Defendant has knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

11.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

12.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

13. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-11 above as if set forth herein in full.

14. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

15. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791